11-2775-ag
Recinos Villanueva v. Holder

BIA
Verrillo, IJ
A094 475 062

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
>  REENA RAGGI,
>  RICHARD C. WESLEY,
>  CHRISTOPHER F. DRONEY,
>      *Circuit Judges.*

_____

MARVIN NOE RECINOS VILLANUEVA, AKA
MARVIN NOE RECINOS,
>      *Petitioner,*

>  v.                                    11-2775-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____


FOR PETITIONER:        Glenn T. Terk, Wethersfield, Connecticut.

FOR RESPONDENT:    Tony West, Assistant Attorney
                   General; Holly M. Smith, Senior
                   Litigation Counsel; Joseph D. Hardy,
                   Trial Attorney, Office of
                   Immigration Litigation, United
                   States Department of Justice,
                   Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Marvin Noe Recinos Villanueva, a native and citizen of El Salvador, seeks review of a June 14, 2011 order of the BIA, affirming the April 1, 2009 decision of Immigration Judge ("IJ") Philip Verrillo, pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marvin Noe Recinos Villanueva*, No. A094 475 062 (B.I.A. June 14, 2011), *aff'g* No. A094 475 062 (Immig. Ct. Hartford, Conn. Apr. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.      Exhaustion

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).  Because Recinos Villanueva failed to challenge the IJ's denial of asylum and CAT relief on appeal to the BIA, we lack jurisdiction to consider any challenges to the denial of these forms of relief.  8 U.S.C. § 1252(d)(1).

II.     Waiver

Although the government contends that Recinos Villanueva waived any challenge to the agency's denial of withholding of removal by failing to raise the issue in his brief to this Court, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), the agency's withholding denial is sufficiently contested to preserve the

issue for our review.  Recinos Villanueva's brief sets forth the law applicable to withholding of removal and clearly indicates that he is challenging the agency's nexus finding with respect to his familial social group.  However, as discussed below, the agency did not err in finding that Recinos Villanueva failed to establish a nexus between the harm that his family suffered and he feared in El Salvador and a protected ground.

III.    Nexus

An applicant seeking withholding of removal must establish that his past persecution or fear of future persecution is on account of his race, religion, nationality, political opinion, or membership in a particular social group.  *See* 8 U.S.C. § 1101(a)(42).  We have held that "[t]he protected ground need not be the sole motive" and that an individual persecuted for multiple reasons is a refugee as long as one of those reasons is a protected ground.  *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (internal quotation marks omitted).

While the agency noted that Recinos Villanueva's family could constitute a social group under the Immigration and Nationality Act ("INA"), *see Vumi v. Gonzales*, 502 F.3d 150,

4

155 (2d Cir. 2007), it reasonably determined that the harm they suffered and Recinos Villanueva feared in El Salvador was not based even in part on their familial membership. *See* 8 U.S.C. § 1101(a)(42). Indeed, Recinos Villanueva does not contest the agency's finding that gang violence is widespread in El Salvador, and he testified before the IJ that he did not know why his family members were targeted by gangs. Under such circumstances, the agency did not err in finding that Recinos Villanueva failed to establish that the harm his family suffered and he fears in El Salvador was on account of a protected ground. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 142 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED in part, as we lack jurisdiction to review Recinos Villanueva's unexhausted challenges to the agency's denial of asylum and CAT relief, and DENIED in part, as the agency reasonably determined that Recinos Villanueva failed to establish a nexus between the harm his family suffered and he feared in El Salvador and a protected ground. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in

5

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk